Excise Board — Appropriations — Transfers The Custer County Excise Board cannot legally transfer appropriated funds, on the application of the City of Clinton, from two existing numbered account items to a non-existing account item of appropriation without compliance with 68 O.S. 24101 [68-24101] (1969). The Attorney General has had under consideration your request of October 23, 1969, for our opinion wherein you state: "The Board of Equalization of Custer County has been asked for a transfer of appropriations by the City of Clinton to transfer funds from Account No. 14-7 (Maintenance of Buildings) and 14-17 (Sundry and Contingent) into Account 14-21 (Mid-Western Oklahoma Industrial Foundation, Airbase Maintenance Fund). "This Foundation is organized for the purpose of attempting to locate industries to use the Clinton Sherman Airbase when it is deactivated sometime in 1970." In connection with these facts you ask:' (1) "Is this a legal transfer of funds? (see Title 62, Section 461). (2) "Is this a legal use of tax funds?" Title 62 O.S. 461 [62-461] and 62 O.S. 463 [62-463] (1961), provide in part: ". . . Where additional or supplemental needs . . . in any City . . . as to any item or items of appropriation therefor that are immediately urgent, and there exists in any other appropriation accounts of the same department . . . of any City . . . unexpended and unencumbered balances of appropriations of less immediately urgent need . . . upon written request of the department head . . . who shall set forth such additional or supplemental emergency needs and the occasion for the emergency together with detail of account items and the amount of each item proposed to be canceled, with the consent of the . . . Governing Body of the City . . . the approval of the County Excise Board, but without other formality, shall effect cancellation of appropriations in the items and amounts less urgently needed and increase in like total sum to the appropriation accounts by items and amounts for such emergency needs * * * "It is hereby declared to be the intent of the Legislature that this Act shall not in any manner repeal or abate any of the provisions or requirements of Title 68 O.S. 292 [68-292] O.S. 1951 but shall be cumulative thereto." Title 68 O.S. 292 [68-292] (1961), mentioned in Section 463, above, was renumbered in 1965 and is now 68 O.S. 24101 [68-24101] (1969). Section 68 O.S. 24101 [68-24101] provides for supplemental and additional appropriations. requires publication of the financial statement of the city and prohibits any action by the Excise Board in the absence of the filing of the financial statement with such Board. The publication of the financial statement is required to give notice to the taxpaying public so that taxpayers may protest any illegality in the cancellation of surplus appropriations and the reappropriation of the funds therein. We have checked the 1969-1970 budget for the City of Clinton, Oklahoma, on file in the Office of the State Auditor and find no appropriation Account No. 14-21 entitled MidWestern Oklahoma Industrial Foundation, Air Base Maintenance Fund. The Excise Board of Custer County, Oklahoma, could not order a transfer of funds from appropriation Account Nos. 14-7 and 14-17 to Account No. 14-21 for there is no such account number as 14-21 in the budget of the city as originally approved by the Excise Board. No new, supplementary or additional appropriation can now be made by the Excise Board for the purpose set out in the application for "Transfer of Appropriations" since no financial statement of the condition of the city has been filed with the Excise Board and no notice has been given, as required by 68 O.S. 24101 [68-24101] (1969). It is therefore the opinion of the Attorney General your first question be answered in the negative. The Excise Board of Custer County, Oklahoma, cannot legally make the transfer of funds requested by the City of Clinton, Oklahoma, based upon its application of October 21, 1969. We must respectfully decline to answer your second question because of lack of facts upon which to base an official opinion. We are not informed as to the nature of the MidWestern Oklahoma Industrial Foundation or what property interest the City of Clinton might have to protect in the Clinton Sherman Air Force Base. We are not informed whether the foundation is a mere voluntary association, a city-formed industrial trust or a trust in which the City of Clinton, Oklahoma has a beneficial interest. (W. J. Monroe)